**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Buonarigo,<br><br>        Plaintiff,<br><br>v.<br><br>BJ's Tavern LLC,<br><br>        Defendant. | No. CV-19-08037-PCT-JAT<br><br>**ORDER** |

On December 1, 2020, the Court issued the following Order:

> Pending before the Court is the parties' stipulation to extend the dispositive motion deadline. (Doc. 40). The parties seek to extend the dispositive motion deadline from November 30, 2020 to December 23, 2020 so that they can finish taking depositions by December 9, 2020. Discovery closed in this case on October 2, 2020. No request to extend this deadline has been received or granted. Therefore, there is no good cause to extend the dispositive motion deadline to complete discovery.
> 
> Additionally, the stipulation to extend the deadline to file dispositive motions was filed on the deadline itself at 10:08 p.m., virtually guaranteeing no extension request could be ruled on before the deadline expired. Counsel makes such decisions at their peril. Accordingly,
> 
> **IT IS ORDERED** that the motion to extend the dispositive motion deadline (Doc. 40) is denied.
> 
> **IT IS FURTHER ORDERED** that the parties must confer and file a joint notice by December 11, 2020 which proposes at least two trial dates and an estimated length of trial.

(Doc. 42).

The parties have jointly moved for reconsideration of this Order. The parties now seek both an extension of the discovery deadline and the dispositive motion deadline.

Turning first to the dispositive motion deadline, defense counsel avows that he did not know the discovery deadline had expired when he sought the extension of the

dispositive motion deadline. (Doc. 43-1 at 1). This is good cause, as required under Rule 6, to extend an unexpired deadline (the dispositive motion deadline had, barely, not expired at the time of the original motion). Thus, reconsideration will be granted as to extending this deadline.

With respect to the discovery deadline, the motion for reconsideration lays out all the reasons the parties needed an extension of the discovery deadline. However, the motion gives no reason why they did not timely seek one. On this point, it states:

> Thus, the parties agreed they would conduct the depositions of the BJ's Tavern employees and other witnesses and began the process of trying to coordinate schedules and locating witnesses who they had not spoken to in some time to secure their cooperation in appearing for depositions. Id. Counsel admittedly erred in not finalizing this agreement by failing to get a stipulated request for an extension of the deadline on file with the Court.

(Doc. 43 at 4).

Thus, the Court is faced with the question of whether simply failing to do something is excusable neglect.[1] As this Court has recently stated:

> "[I]t is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993) (footnotes and citations omitted). "To determine whether a party's failure to meet a deadline constitutes 'excusable neglect,' courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (citations omitted). Rule 6(b)(1)(B), "like all the Federal Rules of Civil Procedure, is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Id.* at 1258–59 (internal quotation marks and citations omitted).

*Wolf v. Discover Fin. Servs. Inc.*, No. CV-19-04989-PHX-JAT, 2020 WL 4346757,

---

[1] The Court notes that the motion for reconsideration cites a case from 1952 in the western district of Pennsylvania to suggest the standard in Rule 6 of requiring a showing of excusable neglect is alleviated if the parties agree to the extension. The Court declines to follow this case and will apply the excusable neglect standard of Rule 6 for an expired deadline. *See Alvarado v. Nw. Fire Dist.,* No. CIV 19-198-TUC-CKJ, 2020 WL 2199240, at *1 (D. Ariz. May 6, 2020) ("A scheduling order may be modified only for good cause. Fed.R.Civ.P. 16(b)(4). However, where a request for an extension is not made until after a deadline, it may be granted only with a showing of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B) (allowing extension of time on motion after expiration of deadline if party failed to act by excusable neglect)").

at *1 (D. Ariz. July 29, 2020).

> Although excusable neglect is a "flexible, equitable concept," "inadvertence, ignorance of the rules, or mistakes construing the rules do not constitute 'excusable' neglect.'" *Kyle v. Campbell Soup Company*, 28 F.3d 928, 931 (9th Cir. 1994), *quoting Pioneer*, 507 U.S. at 392. However, the Ninth Circuit has determined that it is appropriate to also evaluate whether an attorney has "otherwise been diligent, the propensity of the other side to capitalize on petty mistakes, the quality of representation of the lawyers ... and the likelihood of injustice if the appeal [is] not allowed." *Pincay*, 389 F.3d at 859. Additionally, "[w]hile prejudice to the party seeking an extension is not one of the *Pioneer* factors, it is clear from *Pincay* that a district court is not limited in its analysis of a motion for extension of time to those four factors." *Mendez v. Knowles*, 556 F.3d 757, 765 n. 2 (9th Cir. 2009). Lastly, when a modification of a scheduling order "is necessitated by acts of the opposing party or by the opponent's failure to act, relief [may be] appropriate." Modifying Scheduling Orders, 6A Fed. Prac. & Proc. Civ. § 1522.2 (3d ed. 2020).

*Alvarado v. Nw. Fire Dist.*, No. CIV 19-198-TUC-CKJ, 2020 WL 2199240, at *2 (D. Ariz. May 6, 2020) (footnote omitted).

Although the Court is hard pressed to find excusable neglect in this case, none of the four factors preclude such a finding. Further, both parties may be prejudiced if they are unable to finish discovery. Thus, given that excusable neglect is a "flexible and equitable concept" the Court will grant the extension.

Therefore,

**IT IS ORDERED** that the motion for reconsideration (Doc. 43) is granted. The deadline to complete discovery is extended to January 8, 2021. The deadline to file dispositive motions is extended to January 29, 2021.

Dated this 11th day of December, 2020.

James A. Teilborg
Senior United States District Judge